IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Curleys Transport, | Case No. 3:25 CV 628 |
| Plaintiff, | MEMORANDUM OPINION |
| -vs- | JUDGE JACK ZOUHARY |
| Ohio Truck Sales, LLC, | |
| Defendant. | |

### INTRODUCTION

Plaintiff Curleys Transport, a long-haul trucking business from Washington, contracted with Ohio Truck Sales, LLC ("OTS"), an Ohio company, to purchase a 2007 Kenworth W900L semi-truck.  When several defects, including an alleged unlawfully modified "engine control module" made the truck inoperable, Curleys filed suit.  OTS responded with a Motion to Dismiss (Doc. 14), which Curleys opposes (Doc. 15).

### BACKGROUND

This dispute centers on the purchase Contract signed in February 2024.  The Contract states that "federal law and the law of the state of Ohio apply to this Agreement" (Doc. 14-1 at 2).  It also contains a forum-selection clause, which states: "The Court of Common Pleas for Erie County, Ohio shall, to the fullest extent permitted by law, be the sole and exclusive forum for any and all causes of action regarding this Agreement" (*id.*).

OTS moves to enforce the forum-selection clause under Federal Civil Rule 12(b)(6) and the *forum non conveniens* doctrine.  Curleys responds generally that the clause, and the Contract as a whole, are unenforceable, and also that the requested relief falls outside the scope of the clause.

**LAW**

Courts consider three factors in resolving forum-selection clause issues: "(1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust." *Wong v. PartyGaming, Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009) (citing *Sec. Watch, Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369, 375 (6th Cir. 1999)). These clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances . . . or that the clause was invalid for such reasons as fraud or overreaching." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 15 (1972). Relevant here, plaintiffs can do so by showing "their formation was induced by fraud or overreaching." *Allen v.*, 94 F.3d at 928 (4th Cir. 1996).

**DISCUSSION**

**Enforceability**

Curleys does not argue that this Court would ineffectively or unfairly handle the suit, or that this forum would be so seriously inconvenient that enforcing the clause would be unjust. Its attempt to avoid the clause hinges on fraud.

Curleys first argues that the entire Contract is unenforceable because OTS fraudulently induced Curleys to enter the Contract. And because the contract is unenforceable, enforcing the forum-selection clause would be "unreasonable" (Doc. 15 at 7) (quoting *Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir. 1996)). But there's a problem with this argument. The Complaint alleges fraudulent misrepresentations *generally*, but not with respect to inclusion of the forum-selection clause. The Sixth Circuit has made clear that this isn't enough:

2

> Unless there is a showing that the alleged fraud or misrepresentation induced the party opposing a forum selection clause to *agree to inclusion of that clause* in a contract, a general claim of fraud or misrepresentation as to the entire contract does not affect the validity of the forum selection clause.

*Preferred Cap., Inc. v. Assocs. In Urology*, 453 F.3d 718, 722 (6th Cir. 2006) (citing *Moses v. Bus. Card Express*, 929 F.2d 1131, 1138 (6th Cir. 1991)).  Curleys did not allege "evidence of fraud, misrepresentation, or overreaching on the part of [OTS] in inducing [Curleys] to agree to inclusion of the forum selection clause in the agreements." *Id*. at 722.  *See also Wong*, 589 F.3d at 828 (holding that general allegations of fraud will "not suffice to invalidate [a] forum selection clause").

**Adhesion**

Curleys next argues this is an unenforceable adhesion contract.  But adhesion contracts "should not inherently defeat the validity of a forum selection clause." *Rini Wine Co. v. Guild Wineries & Distilleries*, 604 F. Supp. 1055, 1058 (N.D. Ohio 1985).  Enforceability turns on "whether the party claiming the clause's invalidity was aware of the provision, could have objected at the time, and had the means of doing so." *Id*.  In deciding this, Courts examine whether there was "fraud, undue influence, or overweening bargaining power." *Id*. (citing *M/S Bremen*, 407 U.S. at 12).

Curleys was on notice of the provision -- it is spelled out in clear, bold, lettering just above the contract's signature line (Doc. 14-1 at 2).  Nothing suggests Curleys was prevented from objecting.  Nor has Curleys claimed undue influence or overwhelming bargaining power.  Rather, Curleys argues that "a contract which exempts [a party] from liability for its own negligence is not enforceable" (Doc. 15 at 9) (quoting *M/S Bremen*, 407 U.S. at 23) (Douglas, J., dissenting) (citation modified).  But that was not the majority holding.  In *Bremen*, the Court held the forum-selection clause was valid because the parties were aware of the clause and chose to enter into the agreement. *Id.* at 9–12.  So too here.  This was a commercial transaction and Curleys neither alleges nor

demonstrates "the clause was obtained by fraud, duress, or other unconscionable means." *S2 Yachts, Inc. v. ERH Marine Corp.*, 2018 WL 7858774, at *3 (W.D. Mich. 2018) (quoting *Wong*, 589 F.3d at 828).

**Scope**

Next, Curleys argues that, even if the clause is valid and enforceable, its request for declaratory relief under 28 U.S.C. § 2201 falls beyond the clause's scope because the claim is not an independent "cause of action" (Doc. 15 at 5–7). The Declaratory Judgment Act allows courts to "declare the rights and other legal relations of any interested party seeking such declaration." *Fifth Third Bank v. 233 Skydeck LLC*, 2009 WL 10709378, at *2 (S.D. Ohio 2009). It is "a form of relief that federal courts may grant in cases of actual controversy within their jurisdiction" (Doc. 15 at 7) (citing *United Specialty Ins. Co. v. Cole's Place, Inc.*, 936 F.3d 386, 410 (6th Cir. 2019)).

The forum-selection clause here governs "any and all causes of action regarding [the] Agreement" (Doc. 15). The purpose was to sell the truck and govern any disputes arising from the sale. And "[t]he language of the forum selection clause does not, on its face, except declaratory judgment claims from its scope." *Applied Energy Tech., Inc. v. Solar Liberty Energy Sys., Inc.*, 2009 WL 2777079, at *8 (E.D. Mich. 2009). District courts have enforced similar forum-selection clauses in declaratory judgment cases. *See id.* (dismissing declaratory judgment action where the forum-selection clause applied to "all related causes of action arising under the Agreement"); *R. M. Bush & Co. v. Nationwide Mut. Ins. Co.*, 2025 WL 1413394, at *5 (S.D. Ohio 2025) (enforcing forum-selection clause where declaratory judgment request was a "determin[ation] that the [at issue] provisions of the [contract] . . . are unenforceable.") (citation omitted).

**Sanctions**

In the Motion to Dismiss, OTS also seeks fees under Federal Civil Rule 11 because "counsel was previously apprised of the valid forum selection clause" (Doc. 14 at 10). But the sanctions request is not properly before this court because a "motion for sanctions must be made separately from any other motion." Federal Civil Rule 11(c)(2). And, even if filed, it would fail.

"A party seeking sanctions bears the ultimate burden of proof to show that sanctions are appropriate." *Bojicic v. Dewine*, 714 F. Supp. 3d 913, 918 (N.D. Ohio 2024) (citation modified). "In determining whether an attorney or party violates [Rule 11], the Court applies an objective standard of reasonableness." *Kenyon v. Union Home Mortg. Corp.*, 581 F. Supp. 3d 951, 960 (N.D. Ohio 2022) (citing *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997)). "The Court 'is given wide discretion' to decide what constitutes objective reasonableness under the circumstances." *Id*. at 961. (citing *INVST Fin. Grp. Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 401 (6th Cir. 1987)).

OTS makes a conclusory argument -- Curleys' violated Rule 11 because the forum-selection clause applies. Although OTS ultimately prevailed, it has not shown the Complaint was presented for "any improper purpose" or that opposing counsel acted unreasonably. *See* Federal Civil Rule 11(b)(1).

### CONCLUSION

The forum-selection clause is valid and enforceable, and the requested relief falls within its scope. The Motion to Dismiss (Doc. 14) is granted. This case is dismissed.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

August 26, 2025